**Loren W. Collins**, OSB 822213
Email: lorencollins2014@outlook.com
Loren Collins P.C.
780 Commercial St., SE, Ste. 202
Salem, OR  97301
Tel.  971.273.0427
Fax: 503.689.1493
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **JOHN A. JOHNSON,**<br><br>　　　　**Plaintiff,**<br><br>　vs.<br><br>**WINCO FOODS, LLC dba WinCo Foods**<br><br>　　　　**Defendant.** | Case No.: ___**6-21-cv-831**___<br><br>**COMPLAINT**<br><br>Discrimination on the Basis of Disability under the Americans with Disabilities Act (ADA) and State Disability Law, 42 U.S.C. § 12112 and ORS 659A.112; Failure to Accommodate a Disability in Violation of 42 U.S.C. § 12181 and ORS 659A.112; Retaliation for Engaging in Protected Activities under the ADA and State Law, 42 U.S.C. § 12203 and ORS 659A.030(1)(f); and Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) and State Law, 29 U.S.C. § 621 and ORS 659A.030.<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff alleges:

### INTRODUCTION AND NATURE OF THE ACTION

1.　Plaintiff John A. Johnson was employed by WinCo Foods from April 2016 until he was terminated on January 7, 2021.  As described more fully herein, Mr. Johnson

was discriminated against based on his disability and his age.  WinCo failed to fully accommodate Mr. Johnson's disability.  Moreover, Mr. Johnson's discharge was motivated by his request for an accommodation.  As a result, WinCo violated Plaintiff's federal and state rights under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA) and Oregon law.  This is an action for monetary damages, including compensatory damages, economic damages and attorney fees and costs, to redress WinCo's egregious and unlawful actions against Mr. Johnson.

## JURISDICTION AND VENUE

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction and 28 U.S.C. § 1343, civil rights jurisdiction.  Plaintiff asks this Court to invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, with respect to his claim for relief based on Oregon statutes because the state claims arise from the same nucleus of operative facts as the federal claims.

3.   Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district.

4.   Plaintiff Johnson brings this action under the ADA, 42 U.S.C. § 12112, *et. seq.* and the ADEA, 29 U.S.C. 621, within ninety (90) days of his receipt of a Notice of Right to Sue issued by the federal Equal Employment Opportunity Commission ("EEOC") on April 14, 2021.

## PARTIES

5. Plaintiff John A. Johnson (hereinafter "Mr. Johnson") is a resident of Salem, Polk County, Oregon.  At all times material herein, Mr. Johnson was an employee of Defendant WinCo Foods, LLC.

6. Defendant WinCo Foods, LLC is a foreign limited liability company operating a grocery market chain with its principal place of business in Boise, Idaho and with retail stores in various states including Oregon.  Defendant WinCo Foods, LLC operates under the assumed business name of "WinCo Foods."  Defendant WinCo Foods, LLC is hereinafter referred to as "WinCo."

## GENERAL ALLEGATIONS

7. On or about April 2016 Mr. Johnson became employed by WinCo at a retail store in Portland, Oregon.  In February 2018 Mr. Johnson transferred to a retail store in Salem, Oregon.

8. Mr. Johnson initially worked in the bulk foods section of the Salem WinCo store. On or about May 2019 Mr. Johnson informed the bulk foods manager that he had a disability involving neuropathy and diabetes.  On or about January 2020 Mr. Johnson also informed the store manager about his disability.  In these conversations Mr. Johnson described his limitations including the need to sit and avoid being on his feet for long periods of time.  The store manager offered Mr. Johnson a position as a casher as an accommodation, which Mr. Johnson accepted.

9. Mr. Johnson started working in his new role as a cashier in approximately January of 2020.  However, the constantly shifting schedule was difficult to manage with his medical complications.  Also, the side effects of his changing medications temporarily reduced his awareness of his environment and made it difficult to work in

the morning hours.  As a result, Mr. Johnson was tardy on a few occasions, which resulted in negative "points."  Mr. Johnson was never adequately informed of how those points were accumulating and could eventually lead to discipline and termination.  Instead, management would request that Mr. Johnson sign a form acknowledging his tardiness.  This form was given to Mr. Johnson to sign approximately two weeks after each tardy incident while he was busy working.  Mr. Johnson was not given an opportunity to discuss the meaning or purpose for signing the forms nor was he given the opportunity to explain the problems and medical issues that led to the tardiness nor any possible solutions.

10.   On or about November of 2020, Mr. Johnson met with the Assistant Manager and requested to have a more consistent schedule as a reasonable accommodation.  The request was granted.  However, on January 7, 2021 Mr. Johnson was discharged for attendance issues which had occurred months earlier.

11.   WinCo management was aware of Mr. Johnson's need for an accommodation with regard to his schedule as early as May 2019; yet it allowed tardiness points to accumulate without even pointing out to Mr. Johnson the ramifications of the accumulation of negative points and without working to find an accommodation for Mr. Johnson's known disability.

12.   WinCo, and in particular the assistant manager at the Salem WinCo store, treated younger employees without disabilities better than Mr. Johnson was treated.  The assistant manager spent more time discussing the schedule and other work-related issues with younger employees without disabilities.  By contrast, the assistant manager did not take the time to explain these things to Mr. Johnson or to

*Johnson v. WinCo Foods*
Complaint

listen to Mr. Johnson.  The difference in approach was noticeably more pronounced after Mr. Johnson requested the schedule accommodation in November 2020.  The effect was to set Mr. Johnson up to accumulate more points for tardiness, which became the pretext for the discharge from employment.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## Disability Discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181

13. Plaintiff realleges paragraphs 1 through 12 and incorporates said paragraphs herein by this reference.

14.  At all times material herein, Plaintiff John A. Johnson had a disability in that he had neuropathy and diabetes.

15.  At all times material herein, Mr. Johnson was a qualified individual within the meaning of the ADA who, with reasonable accommodation, was able to perform the essential functions of his work for WinCo.

16.  WinCo engaged in unlawful intentional discrimination against Mr. Johnson on the basis of his disability by treating him differently from other non-disabled employees and by discharging him based on his disability.

17.  As a result of WinCo's discriminatory actions, Mr. Johnson has incurred and will continue to incur lost wages, benefits and lost retirement in an amount to be proven at trial but in the approximate sum of $85,000.

18. As a further result of WinCo's discriminatory actions, Mr. Johnson suffered and will continue to suffer emotional distress and the loss of enjoyment of life and is

entitled to an award of compensatory non-economic damages in the sum of $100,000.

19. Mr. Johnson is further entitled to his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

## Disability Discrimination under State Law, ORS 659A.112

20. At all times material herein, Plaintiff John A. Johnson had a disability in that he had neuropathy and diabetes.

21. At all times material herein, Mr. Johnson was a qualified individual within the meaning of ORS 659A.115 who, with reasonable accommodation, was able to perform the essential functions of his work for WinCo.

22. WinCo engaged in unlawful intentional discrimination against Mr. Johnson on the basis of his disability by treating him differently from other non-disabled employees and by discharging him based on his disability.

23. As a result of WinCo's discriminatory actions, Mr. Johnson has incurred and will continue to incur lost wages, benefits and lost retirement in an amount to be proven at trial but in the approximate sum of $85,000.

24. As a further result of WinCo's discriminatory actions, Mr. Johnson suffered and will continue to suffer emotional distress and the loss of enjoyment of life and is entitled to an award of compensatory non-economic damages in the sum of $100,000.

25. Mr. Johnson is further entitled to his reasonable attorney fees and costs pursuant to ORS 659A.885.

## THIRD CLAIM FOR RELIEF

### Failure to Accommodate a Disability in Violation of 42 U.S.C. § 12181

26.  Plaintiff re-alleges paragraph 1 through 13 and incorporates said paragraphs herein by this reference.

27.  From May 2019 until November 2020, WinCo failed to accommodate Mr. Johnson's known disability by failing to accommodate his schedule and, instead, allowing tardiness points to accumulate without even pointing out to Mr. Johnson the ramifications of the accumulation of negative points.

28.  As a result of WinCo's failure to accommodate Mr. Johnson's known disability, Mr. Johnson was tardy, accumulated negative points, and was ultimately terminated.

29.  As a result of WinCo's termination of Mr. Johnson, which resulted from WinCo's failure to accommodate his disability, Mr. Johnson has incurred and will continue to incur lost wages, benefits and lost retirement in an amount to be proven at trial but in the approximate sum of $85,000.

30.  As a further result of WinCo's termination of Mr. Johnson, which resulted from WinCo's failure to accommodate his disability, Mr. Johnson suffered and will continue to suffer emotional distress and the loss of enjoyment of life and is entitled to an award of compensatory non-economic damages in the sum of $100,000.

31.  Mr. Johnson is further entitled to his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF

### Failure to Accommodate a Disability in Violation of ORS 659A.112

32.  Plaintiff realleges paragraphs 1 through 13 and incorporates said paragraphs herein by this reference.

33. From May 2019 until November 2020, WinCo failed to accommodate Mr. Johnson's known disability by failing to accommodate his schedule and, instead, allowing tardiness points to accumulate without even pointing out to Mr. Johnson the ramifications of the accumulation of negative points.

34.  As a result of WinCo's failure to accommodate Mr. Johnson's known disability, Mr. Johnson was tardy, accumulated negative points, and was ultimately terminated.

35.  As a result of WinCo's termination of Mr. Johnson, which resulted from WinCo's failure to accommodate his disability, Mr. Johnson has incurred and will continue to incur lost wages, benefits and lost retirement in an amount to be proven at trial but in the approximate sum of $85,000.

36.  As a further result of WinCo's termination of Mr. Johnson, which resulted from WinCo's failure to accommodate his disability, Mr. Johnson suffered and will continue to suffer emotional distress and the loss of enjoyment of life and is entitled to an award of compensatory non-economic damages in the sum of $100,000.

37.  Mr. Johnson is further entitled to his reasonable attorney fees and costs pursuant to ORS 659A.885.

## FIFTH CLAIM FOR RELIEF

### Retaliation for Engaging in Protected Activities

### Under the ADA, 42 U.S.C. § 12203

38.  Plaintiff realleges paragraphs 1 through 13 and incorporates said paragraphs herein by this reference.

39.  On or about November of 2020, Mr. Johnson engaged in protected activities under the ADA by requesting and receiving a more consistent schedule as an accommodation for his known disability.

40.  After Mr. Johnson requested and received the accommodation in November of 2020, WinCo retaliated against him.   Mr. Johnson was treated less favorably than he had previously been treated and the difference in treatment between Mr. Johnson and non-disabled individuals became even more accentuated.  This retaliation for engaging in protected activities ultimately resulted in WinCo's termination of Mr. Johnson.

41.   As a result of WinCo's retaliation against Mr. Johnson, he has incurred and will continue to incur lost wages, benefits and lost retirement in an amount to be proven at trial but in the approximate sum of $85,000.

42.  As a further result of WinCo's retaliation against Mr. Johnson, he has suffered and will continue to suffer emotional distress and the loss of enjoyment of life and is entitled to an award of compensatory non-economic damages in the sum of $100,000.

43.  Mr. Johnson is further entitled to his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF

### Retaliation for Engaging in Protected Activities

### Under ORS 659A.030(1)(f)

44. Plaintiff realleges paragraphs 1 through 13 and incorporates said paragraphs herein by this reference.

45. On or about November of 2020, Mr. Johnson engaged in protected activities under ORS 659A.030 by requesting and receiving a more consistent schedule as an accommodation for his known disability.

46. After Mr. Johnson requested and received the accommodation in November of 2020, WinCo retaliated against him.   Mr. Johnson was treated less favorably than he had previously been treated and the difference in treatment between Mr. Johnson and non-disabled individuals became even more accentuated.  This retaliation for engaging in protected activities ultimately resulted in WinCo's termination of Mr. Johnson.

47. As a result of WinCo's retaliation against Mr. Johnson, he has incurred and will continue to incur lost wages, benefits and lost retirement in an amount to be proven at trial but in the approximate sum of $85,000.

48. As a further result of WinCo's retaliation against Mr. Johnson, he has suffered and will continue to suffer emotional distress and the loss of enjoyment of life and is entitled to an award of compensatory non-economic damages in the sum of $100,000.

49. Mr. Johnson is further entitled to his reasonable attorney fees and costs pursuant to ORS 659A.885.

## SEVENTH CLAIM FOR RELIEF

## Age Discrimination Under the Age Discrimination in Employment Act, 29 U.S.C. § 621

50. Plaintiff realleges paragraphs 1 through 13 and incorporates said paragraphs herein by this reference.

51. Mr. Johnson was born on December 19, 1962. At all times material herein, Mr. Johnson was over the age of 40 and, therefore, a member of the class protected by the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.*

52. At all times material herein, Mr. Johnson was performing his job for WinCo in a satisfactory manner.

53. WinCo engaged in unlawful discrimination against Mr. Johnson on the basis of his age in that Mr. Johnson's age was either the sole motivating factor or was a motivating factor in WinCo's disparate treatment of Mr. Johnson and in the termination of his employment.

54. As a result of WinCo's discriminatory actions, Mr. Johnson has incurred and will continue to incur lost wages, benefits and lost retirement in an amount to be proven at trial but in the approximate sum of $85,000.

55. As a further result of WinCo's discriminatory actions, Mr. Johnson suffered and will continue to suffer emotional distress and the loss of enjoyment of life and is entitled to an award of compensatory non-economic damages in the sum of $100,000.

56. Mr. Johnson is further entitled to his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## EIGHTH CLAIM FOR RELIEF

## Age Discrimination in Violation of Oregon Law, ORS 659A.030

57. Plaintiff realleges paragraphs 1 through 13 and incorporates said paragraphs herein by this reference.

58. At all times material herein, Mr. Johnson was a person covered by the age discrimination provisions of ORS 659A.030 and was qualified for his position of employment with WinCo.

59. At all times material herein, WinCo was an employer as defined by ORS 659A.106.

60. WinCo discriminated against Mr. Johnson on the basis of his age by taking adverse employment actions against him including the termination of his employment.

61. As a result of WinCo's discriminatory actions, Mr. Johnson has incurred and will continue to incur lost wages, benefits and lost retirement in an amount to be proven at trial but in the approximate sum of $85,000.

62. As a further result of WinCo's discriminatory actions, Mr. Johnson suffered and will continue to suffer emotional distress and the loss of enjoyment of life and is entitled to an award of compensatory non-economic damages in the sum of $100,000.

63. Mr. Johnson is entitled to recover his reasonable attorney fees and costs pursuant to ORS 659A.885.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for Judgment against Defendant as follows:

Page | 12
*Johnson v. WinCo Foods*
Complaint

1. For an award of non-economic compensatory damages in the sum of $100,000;

2. For economic damages in an amount to be determined at trial but in the approximate sum of $85,000;

3. For Plaintiff's attorney fees and costs incurred herein pursuant to 42 U.S.C. § 1988 as to the First, Third, Fifth and Seventh Claims for Relief and pursuant to ORS 659A.885 as to the Second, Fourth, Sixth and Eighth Claims for Relief; and

4. For such other relief as the Court deems equitable.

DATED this 1st day of June 2021.

s/ Loren W. Collins
Loren W. Collins, OSB 822213
E-mail: lorencollins2014@outlook.com
Loren Collins P.C.
780 Commercial St., SE, Suite 202
Salem, OR 97301
Tel. 971.273.0427/Facsimile 503.689.1493
Attorney for Plaintiff